The last exception was that he did not make it sufficiently appear to the tenants that, etc., the words are quod ipse fecit apparere, that the tenants are charged with them, and this by the presentment of the homage, upon their oaths: et ipse fecit apparere per rot. cur. Lord Lisle's case
was cited 22 E., 4. There the defendant ought to show his charge, for it is the substance of the bar. 41 El., Washington's case. Action on the case on promise: the plaintiff declared that the defendant promised to pay him so much if he would assure such lands to him; that he assured, etc., without showing by what conveyance: Held that it is well enough, for the kind of conveyance is not the point in question. On the other side it was argued that there is no relief here; for it is contrary to the nature of a relief to be due on alienation; and this being a relief by custom, and the prescription of a remedy not being shown, as for a heriot custom, there is no distress unless the custom gives it.
The first question here is whether this relief be a duty. There is a remedy, for it is expressly said the relief is due upon every alienation; and for what is due by custom (as it is by tenure) distress lies. As in 11 H., 4. There is no doubt but a relief may be levied by distress, for it is a part of the tenure, and, admitting the contrary, yet there is a sufficient consideration. And if there be two considerations, and one of them be meritorious, it is well enough. With regard to the last exception, viz., the means of making it appear that, etc. (1) Respecting the rent, etc., he makes it appear by presentment; and the tenants are the proper inquisitors to ascertain what is due to the lord. (2) As to the relief,rotuli curiae are the proper evidence. And this is not due by law, but by tenure and the custom *of the manor. I do not know how he could have made it appear more plainly. Besides, if this was not sufficient, the other ought to have demurred; but he has confessed the action.